IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PATRICIA M.   *
  *
v.   *   Civil Case No. ELH-18-1320
  *
COMMISSIONER, SOCIAL SECURITY   *
  *
*************

REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2014–01, the above-captioned case has been referred to me to review the parties' dispositive motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). I have considered the parties' cross-dispositive motions. ECF 16, 21. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the Social Security Administration ("SSA") if it is supported by substantial evidence and if the SSA employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). For the reasons set forth below, I recommend that both motions be denied, that the SSA's decision be reversed in part, and that the case be remanded to the SSA for further analysis.

Plaintiff protectively filed an application for Disability Insurance Benefits ("DIB") on June 6, 2014, alleging a disability onset date of December 2, 2013. Tr. 178-79. Her application was denied initially on December 17, 2014, and on reconsideration on March 10, 2016. Tr. 104-07, 112-13. An Administrative Law Judge ("ALJ") held a hearing on April 13, 2017, at which Plaintiff was represented by counsel. Tr. 31-78. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 11-24. The Appeals Council denied Plaintiff's request for review, Tr. 1-5, so the

ALJ's decision constitutes the final, reviewable decision of the SSA.

The ALJ found that Plaintiff suffered from the severe impairments of "coronary artery disease (CAD), degenerative disc disease (DDD) of the cervical and lumbar spines, osteoarthritis of the right thumb, and obesity." Tr. 13. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) except the claimant can occasionally lift and carry ten pounds; frequently lift and carry five pounds; stand and walk for no more than two hours in an eight hour workday with normal breaks; sit for six hours in an eight hour workday with normal breaks; can never climb ladders, ropes and scaffolds; can occasionally climb ramps and stairs; can occasionally crawl, stoop, kneel, balance, and crouch; should avoid concentrated exposure to hazards such as unprotected heights and dangerous machinery; and can frequently handle and finger with the right upper extremity.

Tr. 18. After considering the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff could perform her past relevant work as a lawyer, and, alternatively, could perform other jobs existing in significant numbers in the national economy. Tr. 22-24. Accordingly, the ALJ concluded that Plaintiff was not disabled. Tr. 24.

Plaintiff disagrees, and cursorily raises a series of arguments on appeal relating to the ALJ's evaluation of her subjective complaints, the assignment of weight to her treating physicians, and the treatment of her upper arm and hand impairments.[1] Although many of Plaintiff's arguments lack merit, I concur that the ALJ failed to support his conclusion regarding Plaintiff's upper extremity impairments with substantial evidence. *See Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (noting that the Court must uphold findings "if they are supported by substantial evidence and were reached through application of the correct legal standard."). Accordingly, I recommend that the case be remanded to the SSA for additional explanation. In

---

[1] The argument section of Plaintiff's brief consists largely of paragraphs containing multiple single-sentence assertions about unrelated topics. ECF 16-1 at 6-8. Plaintiff's position would be better served with a more organized series of contentions, supported by a more complete discussion of the factual record and the governing legal principles.

so recommending, I express no opinion as to whether the SSA's ultimate decision that Plaintiff was not entitled to benefits was correct.

Beginning with the unsuccessful arguments, Plaintiff first contends that the ALJ found her complaints "not credible based largely on opinions rendered by physicians from the year 2014 (ALJ 16-17)". ECF 16-1 at 6. The cited pages do not explicitly reference medical opinions from 2014. Tr. 16-17. Plaintiff may be referencing the ALJ's step two analysis of Plaintiff's mental impairments, in which the ALJ assigned "substantial weight" to the opinion of the State mental health consultant rendered in 2014 at the initial level of consideration. Tr. 16. However, the ALJ provided a thorough analysis of the evidence regarding Plaintiff's mental impairments at step two, and explained how the record evidence supported the consultant's opinion. Tr. 14-17.

Next, Plaintiff cites to some particular medical findings, and suggests that the ALJ failed to consider them. ECF 16-1 at 6-7. While an ALJ is required to consider all of a claimant's medical conditions, "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision." *Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014) (quoting *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (per curiam)).

Plaintiff further argues that the ALJ assigned inadequate weight to opinions rendered by two treating and examining physicians: Drs. Tellefsen and Molinaro. ECF 16-1 at 7. Though Plaintiff suggests that the ALJ discounted each physician's opinion based solely on his or her area of specialty, in fact the ALJ cited to other factors, including the absence of supporting treatment notes, in assigning "little weight" to those two opinions. Tr. 15.

However, I concur with Plaintiff's general contention that the ALJ's conclusion that she "can frequently handle and finger with the right upper extremity," Tr. 18, is not supported by substantial evidence. The ALJ concluded, "The claimant can shop, do laundry and cook which

are consistent with her limitation to frequent handling and fingering (Exhibit 20F/3-4)." Tr. 22. In fact, the cited exhibit expresses the exact opposite, noting that Plaintiff's "Current Functional Limitations" include "shopping, laundry, cooking." Tr. 720. The Commissioner intimates that the list might have been intended to show Plaintiff's functional abilities instead of her limitations, ECF 21-1 at 6, but that interpretation is simply not supported by the plain language of the form. Tr. 720. The Commissioner further contends that the ALJ also relied on other pieces of evidence in his opinion. ECF 21-1 at 6-7. However, as to the finding that Plaintiff was capable of frequent handling and fingering, the misread exhibit is the only exhibit cited by the ALJ. Tr. 22.

Plaintiff also cites other hand-related evidence from her treating physician, Dr. Schwartz, that the ALJ did not expressly address. ECF 16-1 at 8 ("The Judge failed to consider limitations and restrictions given by Dr. Schwartz – '[s]he is advised to avoid prolonged and/or repetitive elbow flexion and compression. Maintain neutral . . . wrist position.'"); *id.* ("The Judge failed to consider upper arm and hand findings that would negatively impact all jobs at the sedentary level, including ulnar nerve findings and loss of strength upon clinical examination."). The ALJ did discuss the specific medical record Plaintiff cites to, Tr. 19, 20-21, however, the ALJ failed to address the impressions, diagnoses, and recommendations that Dr. Schwartz made in that record, or to offer any analysis regarding how Dr. Schwartz's conclusions can be reconciled with the RFC. While, again, an ALJ is not required to discuss every piece of evidence in his opinion, in light of the lack of accurate factual support for the conclusion that Plaintiff was capable of frequent handling and fingering, the failure to discuss Dr. Schwartz's conclusions takes on

4

greater significance.² Ultimately, in light of the medical evidence of record and the factual errors in the ALJ's analysis, the ALJ has not provided a sufficient explanation to permit this Court to conclude that the ALJ's opinion that Plaintiff can engage in frequent handling and fingering rests on substantial evidence. I therefore recommend remand for additional explanation.

**CONCLUSION**

For the reasons set forth above, I respectfully recommend that:

1. the Court DENY Defendant's Motion for Summary Judgment, ECF 21;

2. the Court DENY Plaintiff's Motion for Summary Judgment, ECF 16;

3. the Court REVERSE IN PART due to inadequate analysis the SSA's judgment pursuant to sentence four of 42 U.S.C. § 405(g);

4. the Court REMAND this case to the SSA for further proceedings in accordance with this opinion; and

5. the Court close this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 301.5(b).

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from

---

² The record from Dr. Schwartz also undermines the ALJ's claim at step two that, "The claimant also stated that she had [carpal tunnel syndrome], but there is minimal objective evidence of this." Tr. 14. The record reflects that the diagnosis of "left carpal tunnel syndrome and bilateral ulnar neuropathy" was made by Dr. Schwartz on July 29, 2016, following an EMG and a nerve conduction study. Tr. 752-53. While the ALJ might contest the severity of the conditions, the record does reflect a medical diagnosis, supported by objective testing.

challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated: April 23, 2019

/s/
Stephanie A. Gallagher
United States Magistrate Judge