UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
DEBORAH L. BOARDMAN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
Fax: (410) 962-2577
MDD_DLBChambers@mdd.uscourts.gov

September 16, 2020

LETTER TO COUNSEL

    RE:    *Patricia M. v. Saul*[1]
            Civil No. DLB-18-1320

Dear Counsel:

Emmett B. Irwin, Esq. has filed a request for attorney's fees pursuant to the Social Security Act ("Act"), 42 U.S.C. § 406(b), in conjunction with the representation of plaintiff before the Court. ECF No. 34. In response, the Commissioner asks the Court to consider whether Mr. Irwin's requested fee is reasonable under the Act. ECF No. 35. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons set forth below, Mr. Irwin's motion for attorney's fees is GRANTED IN PART.

On August 19, 2019, the Court awarded Mr. Irwin a total of $1,975.00 for 17.40 hours worked on plaintiff's case in federal court, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF No. 33. Plaintiff subsequently received an Award Notice, in which she was awarded $108,128.00 in past-due benefits. ECF No. 34-2 at 3. On April 15, 2020, Mr. Irwin filed a petition seeking $27,032.00 in attorney's fees. ECF No. 34. Mr. Irwin has agreed to reimburse plaintiff for EAJA fees previously received. *Id.*; *see Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); *Stephens ex rel. R.E. v. Astrue*, 565 F.3d 131, 135 (4th Cir. 2009).

The Social Security Act (the "Act") authorizes a reasonable fee for successful representation before the Court, not to exceed twenty-five percent of a claimant's total past-due benefits. 42 U.S.C. § 406(b). Although contingent fee agreements are the "primary means by which fees are set" in Social Security cases, a court must nevertheless perform an "independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. In determining whether a request for attorney's fees under section 406(b) is reasonable, the Supreme Court has explained that a reviewing court may properly consider the "character of the

---

[1] When this proceeding began, Nancy Berryhill was the Acting Commissioner of the Social Security Administration ("Commissioner"). On June 17, 2019, Andrew Saul was sworn in as Commissioner and is therefore automatically substituted as a party. *See* Fed. R. Civ. P. 25(d); 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

*Patricia M. v. Saul*
Civil No. DLB-18-1320
September 16, 2020
Page 2

representation and the results the representative achieved." *Id.* at 808.  Importantly, the Supreme Court acknowledged that a contingent fee agreement would not result in a reasonable fee if the fee constituted a "windfall" to the attorney. *Id.* (quoting *Rodriquez v. Bowen*, 865 F.2d 739, 746-47 (6th Cir. 1989)). Courts may require the attorney to provide a record of hours spent working on the case and the attorney's typical hourly billing charge. *Id.*

The Commissioner challenges the reasonableness of Mr. Irwin's fee request on three bases: (1) the record lacks evidence of a contingent fee agreement between plaintiff and Mr. Irwin; (2) Mr. Irwin's time sheet includes entries that may be unreasonable, excessive, or non-compensable; and (3) the requested amount would result in a windfall for Mr. Irwin. ECF No. 35 at 3-5. In his reply, Mr. Irwin failed to present a contingent fee agreement signed by plaintiff. *See* ECF No. 36.

This case differs from the heartland of cases which typically present with a contingent fee agreement signed by the claimant, memorializing an agreement to pay a fee of twenty-five percent of past-due benefits. In the absence of any governing contingent fee agreement, the inquiry turns to assessing a "reasonable fee" under 42 U.S.C. § 1383(d)(2). *See Gisbrecht*, 535 U.S. at 808. The maximum award allowed by statute is twenty-five percent of plaintiff's past-due benefits. *See Morris v. Soc. Sec. Admin.*, 689 F.2d 495, 497 (4th Cir. 1982). Therefore, the maximum potential award by this Court is $27,032.00.

Mr. Irwin contends that "his office has spent a total of 46.9 hours on [plaintiff's] Social Security Disability Insurance Claim." ECF No. 36. He does not, however, distinguish between time he spent working at the administrative level and time he spent working on plaintiff's case before this Court. "Courts are 'without jurisdiction to decree compensation for professional representation' at the administrative level[.]" *Mudd v. Barnhart*, 418 F.3d 424, 427 (4th Cir. 2005) (quoting *Robinson v. Gardner*, 374 F.2d 949, 950 (4th Cir. 1967)); *see also* D. Md. R. 109.2(c) (stating that a motion for attorney's fees made under 42 U.S.C. §§ 406(b) or 1383(d) "may not seek any award of fees for representation of the claimant in administrative proceedings"). The Court's jurisdiction is limited to determining a reasonable fee for hours worked on plaintiff's case in federal court. In Mr. Irwin's previous motion for attorney's fees pursuant to the EAJA, he submitted an itemized report showing that he worked 17.40 hours on Plaintiff's case in federal court.[2] ECF No. 24-3. That is the number of hours the Court will use to determine his fees.

---

[2] Mr. Irwin performed clerical and non-clerical work on this case. *See* ECF No. 24-3. However, "'[t]asks of a clerical nature are not compensable as attorney's fees.'" *Gates v. Barnhart*, 325 F. Supp. 2d 1342, 1348 (M.D. Fla. 2002) (quoting *Mobley v. Apfel*, 104 F. Supp. 2d 1357, 1360 (M.D. Fla. 2000)) (denying compensation for mailing a complaint and summons); *see also Magwood v. Astrue*, 594 F. Supp. 2d 557, 563 (E.D. Pa. 2009) (finding that clerical tasks should be excluded from the total attorney fee under the EAJA); *Chapman v. Astrue*, 2:08CV00040, 2009 WL 3764009, at *1 (W.D. Va. Nov. 9, 2009) (finding "purely clerical tasks are ordinarily a part of a law office's overhead and should not be compensated for at all."). The Court will not dissect Mr. Irwin's time sheet, but he should differentiate his clerical and non-clerical time in future filings.

*Patricia M. v. Saul*
Civil No. DLB-18-1320
September 16, 2020
Page 3

In assessing the reasonableness of a fee, the Court must consider "the character of the representation and the results the representative achieved." *Gisbrecht,* 535 U.S. at 808. Two factors militate against awarding Mr. Irwin the maximum allowable fee of $27,032.00 for his 17.40 hours of work. First and foremost, there is no fee agreement. In the absence of fee agreement, Mr. Irwin could have, but did not, present any evidence that plaintiff was made aware that he eventually could be awarded twenty-five percent of her past-due benefits. There is evidence in the record that indicates plaintiff knew she would have to pay attorney's fees if she were successful at the administrative level. The administrative transcript ("Tr.") includes a fee agreement between plaintiff and a different attorney who represented her at the administrative level before Mr. Irwin got involved. In that fee agreement, plaintiff agreed that, upon an award of benefits, the attorney's fee would be "twenty-five percent (25%) of the past-due benefits recovered, or $6,000.00, whichever is less." Tr. 108. The record also contains documentation of Mr. Irwin's appointment as plaintiff's representative at the administrative level. Tr. 30 (representative appointment form signed by plaintiff and Mr. Irwin on February 24, 2017). In the "fee arrangement" section of the representative appointment form, one box stating "I am waiving fees from any source" was clearly checked. A second box stating "I am charging a fee and requesting direct payment of the fee from withheld past-due benefits" appears to be checked and initialed by Mr. Irwin. *Id.* The ambiguity in this form has not been explained, and one could interpret the ambiguity against Mr. Irwin since he was responsible for filling out that portion of the form. However, because the appointment form suggests that Mr. Irwin would be requesting fees from withheld past-due benefits, and because plaintiff signed a contingency fee agreement with her prior attorney in which she agreed to attorney's fees if her claim was successful, there is sufficient bases on which to conclude that plaintiff was aware that Mr. Irwin would be entitled to some fee for his successful representation. However, based on the record before me, I am not convinced that plaintiff was aware that Mr. Irwin could be awarded more than $6,000.00 of her past-due benefits. Mr. Irwin has presented no evidence to show otherwise.

Second, the character of the representation provided was not particularly complex. Mr. Irwin filed only a three-page routine complaint, ECF No. 1, and a motion for summary judgment containing approximately three pages of legal argument, *see* ECF No. 16-1 at 6-8. In her Report and Recommendations, Judge Gallagher found that many of Mr. Irwin's arguments lacked merit. ECF No. 22. She noted that "[t]he argument section of Plaintiff's brief consist[ed] largely of paragraphs containing multiple single-sentence assertions about unrelated topics," and suggested that "[her] position would be better served with a more organized series of contentions, supported by a more complete discussion of the factual record and the governing legal principles." *Id.* at 2 n.1.

The Court will compensate Mr. Irwin for the 17.40 hours he worked on this case at his current billing rate of $295.00.[3]  *See* ECF No. 24-2 ¶ 7. The Court acknowledges the substantial

---

[3] Although they do not govern Social Security cases, the Local Rules prescribe guidelines for determining attorney's fees in certain cases, which are instructive in evaluating the reasonableness of the effective hourly rate in this case. *See* Loc. R. App'x B (D. Md. 2018). Currently, Mr. Irwin has approximately eight years of experience. ECF No. 24-2 (stating that he became a member of the bar in 2012). The presumptively

*Patricia M. v. Saul*
Civil No. DLB-18-1320
September 16, 2020
Page 4

award of past-due benefits to his client, but an award of $27,032.00 in fees for 17.40 hours of work would result in an effective hourly rate of $1,553.56. That would be a windfall unless the attorney and client unambiguously agreed to it. If there were an enforceable contingency fee agreement, the Court likely would approve a fee with an effective hourly rate two or three times a typical billing rate. But here, the Court finds that an award of $5,133.00 in fees (17.40 x $295.00) is fair and reasonable.

For these reasons, this Court GRANTS IN PART Mr. Irwin's motion seeking attorney's fees, ECF No. 34. This Court will award Mr. Irwin attorney's fees totaling $5,133.00.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

Sincerely yours,

/s/

Deborah L. Boardman
United States Magistrate Judge

---

reasonable hourly rate for attorneys admitted to the bar for five to eight years is between $165.00 and $300.00. Loc. R. App'x B.